CREASE (SMITH v.). See Case No. 13,031.

CREDIT MOBILIER (HAZZARD v.). See Case No. 6,289.

CREDIT MOBILIER (McCOMB v.). See Case No. 8,709.

———

## Case No. 3,378.

### CREDITORS v. COZZENS et al.

[3 N. B. R. 281 (Quarto, 73);[1] 2 West. Jur. 349; 16 Pittsb. Leg. J. 236.]

District Court, E. D. Missouri. 1869.

#### BANKRUPTCY—RESTRAINING ORDER.

No judgment can be rendered against a third person, for contempt in disobeying an injunction issued in aid of the writ of bankruptcy, without proper proceedings taken against him, distinct from those against the bankrupt.

[Cited in Re Moses, Case. No. 9,869; Re Marter, Id. 9,143.]

The creditors of Cozzens & Hall filed their petition, praying that the debtors might be adjudged bankrupts, setting forth several and distinct acts of bankruptcy, and in their petition they also alleged that the debtors had fraudulently transferred and conveyed goods to one McCreery, who had them in possession, and was disposing of them in fraud of the creditors; and praying an injunction against McCreery to restrain him from making any transfer or disposition of the goods so conveyed. The injunction was granted upon notice, and McCreery subsequently appeared and denied all the acts of bankruptcy charged against the debtors, as well as the acts charged against himself. Being charged with a contempt in violating the restraining order, the matter was referred to a commissioner to take and report testimony, and upon the coming in of the report, the parties submitted the case upon the merits, as well as the question of contempt. The debtors had been adjudged bankrupts pending the proceedings for contempt.

TREAT, District Judge. The matter of the contempt committed by McCreery, as well as the merits of the case as between himself and the assignee of Cozzens & Hall, are submitted upon the papers, and the mass of evidence reported by the commissioner. But before passing upon the merits of the case, as between the assignee and McCreery, it is necessary to examine the issues presented by the pleadings, and upon looking at the papers there are no pleadings. The restraining order, issued against a person other than the debtors, by virtue of section 40 of the bankrupt act of 1867 [14 Stat. 536], at the commencement of the proceedings, is temporary only, and is intended to restrain the disposition of the goods and property of the debtor until an adjudication can be had, and an assignee appointed to take charge of the assets for the benefit of the creditors. The order is in aid of the writ; if the property is in the possession of the debtor, upon the adjudication of bankruptcy, the warrant issues to the marshal to take the property as assets of the debtor; if it is in the hands of a person other than the debtor, and any relief is sought against him, the proper proceedings must be instituted, either by suit at law or bill in equity, so that the court may pass upon the matters, either by a judgment or decree, according to the nature of the case.

In this case, the assignee has not brought any suit against McCreery; the only proceeding against him is one for contempt in violating the injunction ordered upon the original petition filed against the debtors, with which McCreery had nothing to do; for it was a matter immaterial to him whether the debtors were adjudged to be bankrupt or not, and as a bill in equity the petition would be multifarious. The court, therefore, will take no action upon the case until the proper issues are made up between the parties, so that the court can make either a decree upon bill and answer, or submit the issues of fact to a jury, if relief be sought at law. By the present rules, when a restraining order is asked for at the commencement of the proceedings, against any person other than the debtor, separate petition must be filed, so that the proceedings upon the injunction need not be complicated with those praying the adjudication of bankruptcy.